**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0900-17T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

BRAULIO A. LOPEZ,

    Defendant-Appellant.

_____

Submitted October 10, 2019 – Decided October 18, 2019

Before Judges Fuentes and Haas.

On appeal from the Superior Court of New Jersey, Essex County, Law Division, Indictment No. 16-02-0436.

Joseph E. Krakora, Public Defender, attorney for appellant (Stephen P. Hunter, Assistant Deputy Public Defender, of counsel and on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Caroline C. Galda, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

On February 8, 2016, an Essex County grand jury returned a one-count indictment charging defendant Braulio Lopez with second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b).  The trial judge thereafter granted defendant's motion to suppress certain statements he made to the police at the time of his arrest, but denied defendant's motion to suppress the handgun.  Following a trial, a jury convicted defendant of the offense charged, and the judge sentenced him to five years in prison with a forty-two-month period of parole ineligibility.  This appeal followed.

On appeal, defendant presents the following contention:

> THE JUDGE IMPROPERLY COMMENTED ON THE EVIDENCE WHEN HE TOLD THE JURY THAT THERE WAS NO EVIDENCE OF ANY KIND OF ILLEGAL POLICE CONDUCT.  THIS IMPROPER INSTRUCTION DENIED DEFENDANT HIS RIGHT TO PRESENT A DEFENSE BECAUSE THE INSTRUCTION EFFECTIVELY TOLD THE JURY TO DISREGARD DEFENDANT'S TESTIMONY.  U.S. Const. Amend. VI, XIV; N.J. Const. Art. I, ¶¶ 1, 10.

After reviewing the record in light of the argument advanced on appeal, we affirm.

I.

On May 2, 2015, three members of the Newark Police Department's Firearm Interdiction Team (FIT) were on duty in Newark.  Officers assigned to

2

the FIT are responsible for attempting to find illegal firearms. The two vehicles used by the officers that night were not equipped with video cameras and, therefore, they could not record any traffic stops they conducted.

At approximately 10:00 p.m., the officers noticed a car pulling out of a fast-food restaurant without its lights on. The car made several turns without activating its lights. Based on this clear traffic violation, the officers stopped the car.

Defendant was sitting in the front passenger seat. One of the officers approached the car and began speaking to defendant. The officer noticed defendant looking around nervously as he moved his hands near his waistband, which drew the officer's attention to that area. The officer saw a bulge under defendant's shirt, and suspected it was a weapon. The officer then asked defendant to get out of the car and as defendant was spreading his legs to be frisked, a handgun fell out through his pant leg and struck the ground.

The officers arrested defendant and charged him with second-degree unlawful possession of the handgun. The officers searched the two other occupants of the car and, when no additional weapons were found, released them.

3

At trial, defendant testified that the officers approached the car with their guns drawn and immediately ordered him to get out of the car. Defendant claimed that the officers then searched the car, found the handgun, and blamed him for it. Defendant asserted the gun did not belong to him and he did not know who owned it.

Prior to the trial, the judge found that the traffic stop was lawful, and denied defendant's motion to suppress the handgun. However, the judge suppressed statements made by defendant at the scene claiming ownership of the gun because he provided this information to the officers before they advised him of his Miranda[1] rights.

During his closing statement to the jury, defendant's attorney asserted that the FIT's vehicles were not equipped with video cameras so that the officers could take illegal actions without being detected. Defense counsel stated, "this special unit in charge of taking weapons from people, they were not equipped with this recording device. Why not? Do they want to be able to make illegal stops, make up something so that they can search a car?"

Defendant's attorney quickly made a second statement in this same vein, stating that the mission of the FIT was to

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-0900-17T2

try[] to pull guns off the street. But they can't just do it. They, they, they have to make up a story in order to get into that car. And that's why they're not, they're not using recordings. Because they, they don't want to document what's happening. They could, but they don't want to. They want to have a little leeway, a little elbow room, to go through that car.

Defense counsel soon raised this assertion again, and told the jury that "in order to make the [FIT] story work, they have to give certain facts that give them the greenlight to take these people out of their car to do this little search of theirs."

At this point, the prosecutor objected and the judge conducted a sidebar conference to address the matter. The State argued that defense counsel was wrongfully asserting that the officers committed illegal acts by not having video cameras on their cars to record the stops they made. Defense counsel stated that he did not mean to state that the officers acted illegally and did not recall using that term.

The judge sustained the State's objection, finding that defense counsel could not make "references to illegality" in the absence of any evidence in the record to support that claim. Instead, the judge instructed the attorney to limit his remarks to the testimony presented by the witnesses.

The judge and the parties then discussed what instruction to give to the jury to address the matter. The parties agreed that the judge should instruct the

jury "that there is no evidence in the case with regards to police conduct[,]" and "they are to disregard and not consider that. . . . Again, their recollection is what counts."

When the sidebar discussion concluded, the judge instructed the jury as follows:

> Okay. Ladies and gentlemen, just very briefly. There was a legal matter at sidebar, which I just heard. I just want to instruct you that if there's any reference that you may have heard with regards to any kind of illegal police conduct that there's no evidence of that in this case. Okay? So, if any reference to that was made, that is for you to disregard.
>
> However, again, it is your recollection as to the evidence. You heard all the testimony here today. Whatever counsel says, both the State and the Defense say in their summations i[s] their recollection of the evidence. But it's your recollection that controls. All right? You understand that. That's their commentary. And what they're saying is not evidence in the case. Okay?

Defense counsel did not object to this instruction and then completed his summation.

During his final charge to the jury, the judge provided the jury with these additional instructions:

> During the course of the trial, I was required to make certain ruling on the admissibility of evidence, either in or outside of your presence. These rulings

involve questions of law. The comments of the attorneys on these matters were not evidence. In ruling, I decided questions of law, and whatever that ruling may have been in a particular instance, you should understand that it was not an expression of my, or any opinion by me on the merits of the case.

Neither should my other rulings on any aspect of the trial be taken as favoring one side or the other. Each matter was decided on its own merits. Now, I may have sustained an objection to some questions asked by counsel, which may have contained statements of certain facts. The mere fact that an attorney asks a question and inserts facts or comments or opinions in that question i[n] no way proves the existence of those facts. You will only consider such facts which, in your judgment, have been proven by the testimony of the witnesses or from the exhibits that have been admitted into evidence.

The judge also told the jury:

Regardless of what counsel said or I may have said, recalling the evidence in this case, it is your recollection of the evidence that should guide you as judges of the facts. Arguments, statements, remarks, openings, and summations of counsel are not evidence and must not be treated as evidence. Although the attorneys may point out what they think is important in this case, you must rely solely upon your understanding and recollection of the evidence that was admitted during the trial.

A-0900-17T2

II.

On appeal, defendant argues that the judge erred by preventing his attorney from asserting in his summation that the officers acted "illegally" in not having video cameras available to record the traffic stop. We disagree.

It is well established that a trial judge has the discretion to control the summations of counsel, including the ability to limit their remarks "to fair comment on the evidence before the jury." State v. Reynolds, 41 N.J. 163, 176 (1963). Accordingly, "[t]he scope of [a] defendant's summation argument must not exceed the 'four corners of the evidence.'" State v. Loftin, 146 N.J. 295, 347 (1996) (quoting Reynolds, 41 N.J. at 176). "Thus, it is proper for a trial court to preclude references in closing arguments to matters that have no basis in the evidence." State v. Jones, 308 N.J. Super. 174, 185 (App. Div. 1998).

This court's decision in State v. Royal, 386 N.J. Super. 162, (App. Div. 2006) provides an apt example of the application of these settled principles. In Royal, we found reversible error in the trial court's inclusion of a curative instruction that effectively neutralized a defense attorney's closing argument, which had asserted that the State's unexplained failure to present fingerprint evidence linking the defendant to the murder weapon gave rise to a reasonable doubt that the defendant had committed a murder. Id. at 167-68. Noting that

the issue was one of first impression in New Jersey, the court chose to adopt a rule from a case decided in the Maryland Court of Appeals. Id. at 173 (citing Eley v. State, 419 A.2d 384, 386 (Md. 1980) ("[W]here there is unexplained silence concerning a routine and reliable method of identification especially in a case where the identification testimony is at least subject to some question, it is within the scope of permissible argument to comment on this gap in the proof offered.")).

However, the court also recognized that "[t]he right to comment on fingerprint evidence is, of course, not without limits." Id. at 173. In particular, the court noted that comments in summation must be based on evidence deduced at trial, stating "without evidence to support the contention, [the] defendant cannot argue that the failure to obtain fingerprints did not comply with good police practice, or that if fingerprints had been obtained, they would have exculpated [the] defendant." Ibid.

Applying these principles here, we conclude that the judge properly exercised his discretion by directing defense counsel to refrain from asserting that the FIT officers acted "illegally" because they did not have video cameras on their cars to record the traffic stop, and instructing the jury to disregard those comments. Defendant did not present any evidence that the Newark Police

Department was required by law to equip all police vehicles with cameras, or that it was illegal not to record a traffic stop. Because defense counsel's assertions clearly exceeded the "four corners of the evidence," the judge correctly granted the State's objection.

At the same time, the judge carefully instructed the jury that the arguments of counsel did not constitute evidence in the case, and that it was their recollection of the testimony that should control their deliberations. The judge provided the jury with further detailed instructions on these issues at the conclusion of the trial.

Under these circumstances, we are satisfied that the judge's ruling was proper and did not amount to an abuse of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0900-17T2